■ The People of the State of New York, Respondent, v Marvin Sessions, Appellant. [869 NYS2d 785]—

The defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree based upon allegations that he drove a vehicle while his license was suspended, with the understanding that his sentence would be limited to nine months' imprisonment. On April 17, 2007 the defendant appeared for sentencing and was granted an adjournment until April 19, 2007 to allow him to visit his fiancée's grave. The defendant did not appear for sentencing on April 19, 2007 and a bench warrant was issued. He was returned on the warrant on April 30, 2007.

At sentencing on April 30, 2007 defense counsel informed the court that he was advising the defendant not to "say anything today." The court stated that "[i]f there is any hope for any leniency whatsoever for your client, I must know what is the reason for him breaking faith with the Court."

The defendant asked if he could speak and defense counsel suggested that "you tell me" what happened, and counsel would speak in his behalf. After conferring with his client, counsel stated that the defendant had an "overwhelming family situation . . . had problems with—not problems but had to attend to his mother and—had to attend to his mother and—and the problems just—overwhelmed him." The defendant interrupted and stated he could "explain it much better" and began to provide details. Defense counsel interrupted, and asked the court to impose "the original bargain" which he misdescribed as "twelve months on this charge and a consecutive twelve months on another charge." The court imposed the maximum sentence of an indeterminate term of imprisonment of 1⅓ to 4 years.

578

Under these circumstances, in the interest of justice, we remit the matter to the County Court, Suffolk County, for resentencing. Spolzino, J.P., Miller, Covello and Chambers, JJ., concur.